## 19801.   Jones *v.* Berry.

Jenkins, P. J.  This was a possessory-warrant case.  The plaintiff contended that the cow which was the subject-matter of the controversy was taken from his possession without his consent.  The defendant con-

tended that he bought the cow from a creditor of the plaintiff, who had, through an agent, taken the cow from the plaintiff, with his knowledge and consent, in settlement of a debt owing by the plaintiff to such creditor and represented by a note retaining title to the cow, and another debt for a coffin, which the plaintiff had orally agreed the cow "should stand good for." Two justices of the peace, sitting on the case, found in favor of the plaintiff, and the defendant excepts to the judgment of the superior court overruling his petition for certiorari. *Held:*

1. While in a possessory-warrant case the only question ordinarily involved is the right of possession of the property, still where it is contended by the defendant that the property was taken from the plaintiff, with his knowledge and consent, by a creditor who held a note retaining title to the property, and an open account, which the plaintiff had agreed the property should "stand good for," it was permissible for the plaintiff to show, in corroboration of his testimony that the property was taken without his consent, that he did not owe such debts, but had paid off a mortgage note which was the only claim held by the creditor against the property.

2. In such a case, where the plaintiff, in corroboration of his contention that the property was taken without his consent, testified and undertook to show that he had also paid the debt which the creditor contended the property was to "stand good for," it was error to permit a bookkeeper of the creditor, who did not purport to testify of his own knowledge, to testify that the pay-checks issued by the creditor to the plaintiff for work done showed that deductions had been made to pay such debt. The checks being the highest and best evidence of their contents, and being unaccounted for, it was error to admit in evidence, over objection, parol testimony of what they showed.

3. Under the foregoing rulings, the superior court erred in overruling the defendant's petition for certiorari.

> *Judgment reversed. Stephens and Bell, JJ., concur.*
> DECIDED JANUARY 25, 1930.

*James R. Davis,* for plaintiff in error. *R. C. Johnson,* contra.